UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LLOYD, *et al.*, | : | Hon. Joseph H. Rodriguez |
| *Plaintiffs*, | : | |
| | : | Civil No. 21-17057 |
| v. | : | |
| THE RETAIL EQUATION, INC., *et al.*, | : | **OPINION** |
| *Defendants*. | : | |

Presently before the Court is the motion by defendant The TJX Companies, Inc. ("TJX") seeking an order dismissing the claims asserted against it by plaintiff Natalia Taboada (Taboada") for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). [Dkt. 13]. The Court is in receipt of the response by Taboada indicating her non-opposition to dismissal of her claims against TJX pursuant to Federal Rule of Civil Procedure 12(b)(2). [Dkt. 20]. The Court is also in receipt of the reply filed by TJX requesting that (1) the Court should treat Taboada's response as a request for dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) and require Taboada and her counsel to reimburse TJX for fees and costs incurred in connection with the filing of its motion; and, (2) the Court should, in the alternative, treat the response as a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). [Dkt. 26]. For the reasons set forth herein, the motion will be granted in part and denied in part Court will deny the motion.

Because the facts of this case are adequately set forth in the motion filings and are familiar to the parties, the Court need not restate them here.

1

TJX argues that "Taboada's request that the Court dismiss her claims without prejudice and without waiver of any right to assert jurisdiction in the future should be treated as a request for dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2)." *Reply* at *9. Interestingly, the two case decisions cited by TJX in support of its position illustrate why dismissal under Fed. R. Civ. P. 41(a)(2) is inappropriate here. *See Newiadomy v. jNetX, Inc.*, No. CV 06-1806, 2006 WL 8457916 (D.N.J. July 20, 2006); *O2 Micro Int'l Ltd. v. Sumida Corp.*, No. 2:03-CV-007, 2004 WL 7334159 (E.D. Tex. Mar. 22, 2004). In each of these cases, the plaintiffs represented that they *consented* to dismissal. *See Newiadomy*, 2006 WL 8457916, at *2 (D.N.J. July 20, 2006) ("Plaintiff's brief in opposition states, 'Plaintiff's continuing investigation has revealed that [defendants] should be dismissed from this action and plaintiff consents to their dismissal.' (Pl.'s Br. in Opp. 1.) The Court construes this statement as a request for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). Plaintiff's request is granted, and . . . defendants will be dismissed from the case."); *O2 Micro Int'l Ltd.*, 2004 WL 7334159, at *2 (E.D. Tex. Mar. 22, 2004) ("'Regarding Sumida Corp., . . . O2 Micro has decided not to pursue this action against Sumida Corp. at this time. Accordingly, O2 Micro hereby consents to a dismissal without prejudice of Sumida Corp. from this action.' Plaintiff's Suppl, Mem., p. 1 n. 2"). Here, Taboada has only indicated that she "does not at this time *oppose* the dismissal[.]" *Response* at *1 (emphasis added). This distinction carries significance in view of the plain language of Rule 41(a)(2), which provides that "an action may be dismissed *at the plaintiff's request*[.]" Fed. R. Civ. P. 41(a)(2) (emphasis added). Further, unlike in this case where Taboada expressly indicated that she "does not oppose the dismissal of her claims against TJX *pursuant to Federal Rule of Civil Procedure 12(b)(2)*," the plaintiffs in *Newiadomy and 02 Micro International* both neglected to specify which rule(s) they were consenting to dismissal under. *Response* at *1

2

(emphasis added). In the absence of such ambiguity in Taboada's response, the Court does not have the discretion to simply disregard Taboada's explicit representation that her non-opposition is with respect to her claims against TJX under Rule 12(b)(2), specifically.[1]

While the use of gamesmanship in litigation as alleged by TJX is not to be condoned, under these facts the Court cannot find that Taboada's non-opposition to the dismissal of her claims against TJX under Rule 12(b)(6) should be construed as request for dismissal pursuant to Rule 41(a)(2) as a matter of procedure. As such, the Court must also reject TJX's request for fees and costs to be awarded under Rule 41(a)(2). *See Reply* at *11.

TJX next submits that "[s]hould the Court decline to treat the *Response* as a Federal Rule of Civil Procedure 41(a)(2) request for dismissal, it should still treat the *Response* as a Rule 41(a)(1)(A)(i) notice of dismissal. *Reply* at *14. Relying on *Fid. Nat'l Title Ins. Co. v. M&R Title, Inc.*, No. PWG-12-148, 2013 WL 12423807, at *2 (D. Md. Feb. 1, 2013), TJX posits that "there is authority providing that a court can 'convert a mere willingness to dismiss' to a 'notice to dismiss under Rule 41(a)(1)'[.]" In doing so, TJX makes a distinctly strained attempt at using excerpted language from this single case in search of a legal basis for converting the motion

---

[1] TJX also asserts that the Court "cannot grant Taboada's request that it dismiss her claims 'pursuant to Fed. R. Civ. P. 12(b)(2)' while preserving her 'future right to assert jurisdiction." Reply at *9 (quoting *Response* at *1-2). This argument is in reference to Taboada's response, in which she represents that she does not oppose the dismissal of her claims against TJX pursuant to Rule 12(b)(2) but conditions her non-opposition on the dismissal being made "without prejudice to re-file the action in a different venue, and without waiv[er of] any future right to assert jurisdiction." *Response* at *2. While the request for dismissal "'preclude[ds] . . . relitigating the issue of personal jurisdiction" in the forum, Taboada may sue TJX in a forum where personal jurisdiction over it exists. *Hannum v. Retail Equation, Inc.*, No. CV 21-997, 2022 WL 4236714, at *3 n.1 (W.D. Pa. Sept. 13, 2022) (quoting *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 133 (3d Cir. 2020); *see also Grezak v. Ropes & Gray, LLP*, 809 F. App'x 60, 63 n.9 (3d Cir. 2020) ("[W]e read the District Court's 'with prejudice' dismissal of the claims against the defendants over which it lacked personal jurisdiction as meaning that the dismissal is 'with prejudice' to [plaintiff's] ability to refile those claims in a court sitting in Pennsylvania.").

here. In *Fid. Nat'l Title Ins. Co.*, the plaintiff moved for voluntary dismissal without prejudice under Rule 41(a)(2). While the court noted it "has the discretion to convert a mere willingness to dismiss or a motion to dismiss under Rule 41(a)(2) as a notice to dismiss under Rule 41(a)(1)[,]" it expressed no opinion on converting non-oppositions to dismissal by Rule 12(b)(2) into a notice to dismiss pursuant to Rule 41(a)(1). Additionally, the court clarified that conversion from Rule 41(a)(2) to Rule 41(a)(1) "is appropriate only in limited circumstances, including: when the plaintiff's intentions could only be realized under a Rule 41(a)(1)(A)(i) notice of dismissal, when a plaintiff's Rule 41(a)(2) motion is based on a fundamental error" or "where the plaintiff merely indicates a willingness to dismiss without making either a specific motion or giving notice under Rule 41." Here, Taboada expressly indicated that she "does not oppose the dismissal of her claims against TJX pursuant to *Federal Rule of Civil Procedure 12(b)(2)[.]*" *Response* at *1 (emphasis added). The Court is therefore unpersuaded that Taboada's non-opposition to dismissal by Rule 12(b)(2) can operate or be construed as a notice of dismissal for purposes of Rule 41(a)(1) under these circumstances.

      For the reasons set forth herein, the motion by defendant The TJX Companies, Inc. seeking an order dismissing the claims asserted against it by plaintiff Natalia Taboada for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) [Dkt. 13] will be granted in part and denied in part consistent with the foregoing. An appropriate order will follow.

December 29, 2022                                     /s/ Joseph H. Rodriguez
                                                                        Hon. Joseph H. Rodriguez, USDJ